UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**CHRISTINA LEAL,**                                                Chapter 13
    Debtor                                              Case No. 15-10646-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**CHRISTINA LEAL,**
    Plaintiff

v.                                                                 Adv. P. No. 16-1021

**NAVIENT SOLUTIONS, INC.,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Motion for Summary Judgment filed by Navient Solutions, Inc. (the "Defendant" or "Navient") with respect to the Amended Complaint filed by the Debtor, Christina Leal (the "Plaintiff" or the "Debtor"), through which she seeks damages for Navient's "willful and repeated violations of the bankruptcy stay imposed by 11 U.S.C. § 362."[1]  Navient filed an Answer in which it denied the material allegations set forth by the Plaintiff in her Amended Complaint.

The Court heard the Defendant's Motion for Summary Judgment and the Debtor's Opposition on October 17, 2016 and took the matter under advisement.  For the reasons

---

[1] Courts are split as to whether section 362(k) damages may be pursued through a contested matter pursuant to Fed. R. Bankr. P. 9020 which makes Fed. R. Bankr. P. 9014 applicable to a motion for order of contempt, or whether an adversary proceeding is required.  See In re Ballard, 502 B.R. 311, 313 n.1 (Bankr. S.D. Ohio 2013).

1

set forth below, the Court shall enter an order denying Navient's Motion for Summary Judgment.

## II. FACTS

The Debtor filed a Chapter 13 petition on February 26, 2015.[2] On her petition, she listed her address as 145 Adams Street, Apt. 2, Waltham Massachusetts. On Schedule F- Creditors Holding Unsecured Nonpriority Claims, the Debtor listed nineteen student loan obligations as follows:

| Creditor/Acct. No. | Date and Type of Loan | Amount |
| --- | --- | --- |
| Dept. of Educ./Navient/0702 | 2008-07-02/Stafford 1-02 | $1,449.00 |
| Dept. of Educ./Navient/1115 | 2010-11-15/Direct Loan | $9,550.00 |
| Dept. of Educ./Navient/0814 | 2013-08-14/Direct Loan | $5,500.00 |
| Dept. of Educ./Navient/0604 | 2008-06-04/Stafford | $5,035.00 |
| Dept. of Educ./Navient/0814 | 2013-08-14/Direct Loan | $4,246.00 |
| Dept. of Educ./Navient/0304 | 2009-03-04/Stafford | $3,042.00 |
| Dept. of Educ./Navient/0716 | 2008-07-16/Stafford 1-03 | $2,872.00 |
| Dept. of Educ./Navient/1118 | 2009-11-18/Stafford 1-05 | $2,866.00 |
| Dept. of Educ./Navient/0525 | 2010-05-26/Stafford 1-06 | $2,195.00 |
| Lendkey/Agriculture FC/Ro3A | 2014-09-09 | $58,431.00 |
| Navient/ 0921 | 2007-09-21 | $17,906.00 |
| Navient/ 1907 | 2012-07-23 | $14,279.00 |
| Navient/ 0325 | 2013-07-08 | $13,264.00 |
| Navient/ 9754 | 2011-12-08 | $10,984.00 |
| Navient/ 8742 | 2011-05-13 | $5,677.00 |
| Navient/ 0829 | 2007-08-29 | $5,218.00 |
| Navient/ 4239 | 2013-12-06 | $4,321.00 |
| Navient/ 4260 | 2013-10-25 | $3,779.00 |
| Navient/ 6156 | 2013-05-10 | $3,434.00 |

---

[2] The Court may take judicial notice of its own docket. *See* LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket.").

2

In paragraph 4 of her Amended Complaint, the Debtor identified Navient as follows:

> Defendant, NAVIENT SOLUTIONS, INC., is a Delaware for profit corporation engaged in the business of student loan servicing and collection of student loan debts in the state of Massachusetts and other states. NAVIENT has a Principal Office address of 2001 Edmund Halley Drive, Reston, VA 20191, and according to the public records available through both the Delaware and Virginia Secretary of State Corporations Divisions, NAVIENT's Registered Agent is Corporation Service Company at either:
>
> (a) Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219; or
> (b) Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808
>
> The principal purpose of Defendant is the servicing of student loans and the collection of student loan debts using the mails and telephone; and the Defendant regularly attempts to collect debts alleged to be due another and to itself.

Navient admitted the foregoing in its Answer.

On Schedule F, the Debtor listed the address for Navient as P.O. Box 9635, Wilkes Barre, PA 18773 with respect to all her student loans except for loans in the amounts of $17,906 and $5,218 for which she used post office box 9500, and for loans in the amounts of $14,279, $13,264, $10,984, $5,677 and $4,321 for which she used post office box 9655.[3] On Schedule H-Codebtors, the Debtor listed Catherine Leal as a codebtor with respect to eight loans serviced by Navient but did not identify account numbers for the loans or amounts subject to the co-obligation.

---

[3] The Debtor listed other addresses for Navient on her creditor matrix, including Navient Solutions, Inc., 220 Lesley Ave., Wilkes-Barre, PA 18706-1430, Navient Solutions, Inc., P.O. Box 9640, and Navient Solutions, Inc. on behalf of USAF Attn: Bankruptcy Litigation Unit E3149, P.O. Box 9430, Wilkes-Barre, PA 18773-9430.

On March 4, 2015, the Court issued a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines. The Notice set June 22, 2015 as the deadline for filing proofs of claim. The Bankruptcy Noticing Center served the Notice on Navient at the post office boxes 9655 and 9500 listed by the Debtor on Schedule F. It did not serve the United States Department of Education ("DOE") or utilize the addresses set forth in note 2, *supra*.

The Debtor filed a Chapter 13 plan with her petition. She proposed a 60-month plan with a monthly plan payment of $365. In addition, she proposed to pay an automobile loan directly to the secured creditor, to pay her attorney $1,750, and to pay a dividend to unsecured creditors of 9.72%. She identified 19 student loans as nondischargeable, erroneously including a credit card debt owed to "Kohls/Capone" in the sum of $2,646 as a student loan debt. She proposed a dividend to each holder of her student loan debts without reference to her application to consolidate certain student loans discussed below. The Debtor served her Chapter 13 plan on Navient at the following post office boxes in Wilkes-Barre, Pennsylvania: P.O. Box 9635, P.O. Box 9500 and P.O. Box 9655. She did not serve the DOE. Neither the Chapter 13 Trustee nor any creditor objected to the Debtor's proposed plan.

Navient timely filed ten proofs of claim in the Debtor's case (i.e., claims numbered 1, 3, 5, 6, 7, 8, 9, 10, 11, and 12). Navient timely filed the claims between March 9, 2015 and May 1, 2015. Navient filed proof of claim no. 12 on May 1, 2015 on behalf of the "Department of Education Loan Services," with the following address: P.O. Box 9635, Wilkes-Barre, PA 18773-9633 in the sum of $37,463.15. On February 22, 2016, following

4

confirmation of the Debtor's Chapter 13 plan and the filing of the instant adversary proceeding, Navient filed a Notice of Withdrawal with respect to claim no. 12 to which the Debtor objected. In response to the Debtor's Objection, Navient stated that in July 2014, prior to the filing of her Chapter 13 petition, the Debtor had made an application for a United States Department of Education Federal Direct Consolidation Loan, that the DOE consolidation loan was subsequently disbursed on October 14, 2015, which was after Navient filed Claim No. 12 for the DOE Loans, and that the Debtor's DOE consolidation loan was a new loan that paid off and extinguished Debtor's then existing DOE Loans, that are represented by claim no. 12.[4]

One day after the disbursement of the Consolidation Loan, on October 15, 2015 and in the absence of objections, this Court entered an order confirming the Debtor's Chapter 13 plan.

As noted above, on July 15, 2014, seven months before filing her Chapter 13 case and 15 months before the entry of the confirmation order, the Debtor made an application for a United States Department of Education Federal Direct Consolidation Loan (the "Application"). She applied for the consolidated loan on-line through a DOE portal. According to Petra Shipman, a Litigation Analyst in the Bankruptcy Litigation Unit of Navient, "Navient is one of several servicers the DOE employs for DOE Direct loan processing and servicing, and the DOE assigned the Plaintiff's Consolidation Loan

---

[4] The rationale set forth in Navient's response is perplexing. If it did not disburse the consolidated loan until October 14, 2015, how could it have filed a proof of claim for the new loan? Moreover, the Debtor did not file an objection to claim no. 12 within the time prescribed by MLBR 13-13-1(g).

5

Application to Navient for processing." The instructions accompanying the "Federal Direct Consolidation Application and Promissory Note" provided in pertinent part:

> **IMPORTANT**: We will send you a notice before we pay off your loans. This notice will (1) provide you with information about the loans and payoff amounts that we have verified with your loan holder(s) or through NSLDS [National Student Loan Data System] and (2) tell you the deadline by which you must notify us if you want to cancel the Direct Consolidation Loan or if you do not want to consolidate one or more of the loans listed in the notice.

The Debtor listed her address on the Application as 69 North Street, Mansfield, Massachusetts, provided an email address, and identified her mother, Catherine Leal, as a reference at the same address. In Section C1 of the Application, captioned "Educational Loan Indebtedness - - Loans You Want to Consolidate," the Debtor identified 21 student loans held by Sallie Mae, Inc., the "Dept of Ed/Salle Mae, "ACS," and "Chase Student." She used Navient's address at P.O. Box 9635 for many of the loans. She used an address for Sallie Mae, Inc. at 220 Lasley Avenue, Wiles-Barre, PA 18706 for one loan and post office boxes in Atlanta, Georgia, Utica, NY, and Phoenix, AZ for others.[5] Section C1 of the Application provided:

> We will send you a notice before we consolidate your loans. This notice will (1) provide you with information about the loans and payoff amounts that we have verified, and (2) tell you the deadline by which you must notify us if you want to cancel the Direct Consolidation Loan, or if you do not want to consolidate one or more of the loans listed in the notice. . . ."

---

[5] The Court is unable to match the loans for which the Debtor sought consolidation with the loans the Debtor listed on Schedule F.

Section F of the Application contained a Promissory Note pursuant to which the Debtor promised to pay the DOE "all sums disbursed under the terms of this Note to pay off my prior loan obligations, plus interest and other charges and fees that may become due as provided in this Note." The Note also provided that "My signature certifies that I have read, understand, and agree to the terms and conditions of this Note, including the Borrower Understandings, Certifications, and Authorizations in Section E and the Borrower's Rights and Responsibilities Statement." The Note further provided "I understand that ED [the DOE] may use a servicer to handle billing and other communications related to my loan," and also provided the following:

> **Legal Notices**
> Any notice required to be given to me will be effective if sent by first class mail to the most recent address that the Dept. of Education has for me, by electronic means to an address I have provided, or by any other method of notification permitted or required by applicable statute or regulation. *I will immediately notify ED of a change of contact information or status, as specified in the Borrower's Rights and Responsibilities Statement.*[6]

(emphasis supplied). Paragraph 6 of the Application, captioned "Borrower's Rights and Responsibilities Statement" provided:

> **Information you must report to us**. Until your loan is repaid, you must notify your servicer if you:
>
> ▪ Change your address or telephone number . . . or
> ▪ Have any other change in status that would affect your loan . . .

---

[6] The Debtor in her Statement of Disputed Material Facts omitted the italicized sentence from the section of the Application governing legal notices. Moreover, the Debtor set forth an email address on the Application and did not represent that she did not receive by email the September 16, 2015 notice, discussed below, that her loans would be consolidated if she did not cancel her application.

7

The instructions that accompanied the Application advised the Debtor to make a copy of the Application for her records and to mail the Application in the envelope provided. It also indicated that "[i]f you no longer have the envelope, mail the Note to the address shown below."[7]

On September 16, 2015, approximately 15 months after the Debtor electronically submitted her Application and six and a half months after the Debtor filed her petition, Navient sent a letter to the Debtor at her former Mansfield, Massachusetts address thanking her for her interest in the Direct Consolidation Loan Program and enclosing two documents: a "Loan Summary" and a fact sheet, captioned "How to Read Your Direct Consolidation Loan Summary Fact Sheet." The letterhead identified Navient followed by "Department of Education Loan Servicing" and set forth the following address: P.O. Box 6180, Indianapolis, IN 46206-3403. It also contained the name and seal of the DOE followed by the statement, "Information about your federal student loan." The letter further provided in pertinent part the following:

> **Your Next Steps**
> Please carefully review this information to ensure it's accurate. You have **10 business days** from the date of this letter to contact us if there is incorrect information, missing loans, any changes you'd like to make, or if you want to cancel your application. If we do not hear from you within 10 business days, we will proceed with the disbursement. Please note that you will not be able to "unconsolidate" any portion of the loan once it has been completed.

---

[7] The Court was unable to locate either a mailing address or an email address on the Application submitted as an exhibit.

8

(emphasis in original).  The letter contained an email address, telephone number and mailing address for contacting Navient, as well as an address for its Loan Consolidation Originations department, which was the same address listed on the letterhead.  The Direct Consolidation Loan Summary listed 20 loans in the Debtor's name, totaling $163,584.66 of which loans totaling $44,985.66 were eligible for consolidation.  The account numbers set forth on the Debtor's Schedule F do not correspond to the "Loan Holder Account" number used by Navient in its Direct Consolidation Loan Summary and the total included in the consolidation (i.e. $44,985.66) does not correspond to the amount set forth in proof of claim no. 12 (i.e. $37,463.15).

On October 14, 2015, one day before the Court confirmed the Debtor's Chapter 13 plan and the day Navient stated it disbursed the consolidated loan, Navient sent the Debtor a letter at her former address, which was the same address as her mother's and the address listed on the Application. The letter advised the Debtor that Navient was "pleased to service" her new Direct Consolidation Loan on behalf of the DOE. The letter also provided:  "[h]ere are some helpful tips to make it easy for you to manage your account."  The letter further advised: Your monthly billing statement for your new Direct Consolidation Loan will be arriving soon, along with payment instructions.  Two days later, Navient sent the Debtor another letter at the Mansfield, Massachusetts address which stated: "CHRISTINA, we want to make sure you know how we process your payments."  (emphasis in original).  The letter set forth examples of payment allocations.

9

On October 23, 2015, Navient sent an email to the Debtor stating that the payment term for her loan(s) had changed and that her next payment amount was $234.08 and was due on November 23, 2015. On October 25, 2015, Navient sent the Debtor an email, stating "CHRISTINA M LEAL, here's a snapshot of your monthly statement." (emphasis in original). In its email, Navient set forth a total payment of $234.08, due on November 23, 2015. On November 26, 2015, it sent a similar email setting forth a total payment of $468.16 due on December 23, 2015. On December 2, 2015, Navient sent the Debtor an email advising her that her current principal balance was $38,774.64. It also set forth outstanding interest of $0.00 and provided that "Anticipated Repayment Begin Date: 10.14.15." That email was inconsistent with a letter dated December 1, 2015, which set forth a next payment date of February 23, 2106 in the amount of $234.08 with respect to the principal balance of $38,774,64.

On December 17, 2015, Navient emailed the Debtor advising her that her loan(s) "will soon be entering full repayment," adding "[t]o help you prepare, your payment schedule and disclosure documents are available online. To view them, please log into your account. Remember, by managing your loan(s) online, you have access to several convenient features, such as: The ability to update your contact information . . . ." On January 31, 2016, Navient sent the Debtor another "snapshot" of her monthly statement which indicated that the total payment due was $237.70 on March 23, 2016.

The Debtor contacted Navient by telephone on December 1, 2015. She stated that "[s]he spoke with Andrew Serino at approximately 4:22 pm EST and then again at approximately 5:10 pm EST," adding that "[s]hortly after she began her second call with

10

Mr. Serino she was abruptly transferred to Mr. Serino's 'supervisor'" and that "Mr. Serino's 'supervisor' stated to [her] that NAVIENT was fully aware that all of her student loans had been included in her Chapter 13 bankruptcy case, and that NAVIENT had knowingly pulled the loans out of 'bankruptcy' status and placed them back in to 'active' status.'" The Debtor also alleged that on January 11, 2016, she and her attorney called Navient and spoke with a supervisor who promised to inform the "correct department" that the Debtor had filed for bankruptcy protection and should not be contacted by Navient. According to the Debtor, "[t]hree days later, on January 14, 2016, NAVIENT placed, on information and belief, a debt collection telephone call to [her] at her parents' house from NAVIENT telephone number 570-821-3600 at 4:30 pm EST in willful violation of the protective Bankruptcy Stay imposed pursuant to 11 U.S.C. § 362."

### III. POSITIONS OF THE PARTIES

    A. <u>Navient</u>

Navient argues that it discharged its duty to process the Plaintiff's loan application, in full compliance with 11 U.S.C. §§ 362(b)(16) and 525(c)(1). Citing <u>Betty Owen Schools, Inc. v. U.S. Dep't of Educ.</u>, 195 B.R. 23, 32 (Bankr. S.D.N.Y. 1996), and <u>Hughes av. Am. Educ. Servs.</u>, C.A. No. 1:13cv108, Bankr. No. 11-01933, Adv. No. 11-0116, 2013 WL 4806228, at *3 (N.D. W.Va. Sept. 9, 2013), it maintains that the automatic stay is inapplicable to the Application to participate in the Federal Direct Consolidation Loan program and that it did not violate the automatic stay by processing the Application. Noting that the filing of a bankruptcy petition operates as a stay against, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before

11

the commencement of the case under this title," *see* 11 U.S.C. §362(a)(6), it further argues that processing the Application did not violate the automatic stay due to the provisions of 11 U.S.C. § 362(b)(16). It states the following:

> Plaintiff applied for her DOE Consolidation Loan before she filed her voluntary petition, but the Consolidation Loan was disbursed after Plaintiff filed her voluntary petition. "The loan that is now in question, here, is the Direct Consolidation Loan entered into only a few months prepetition and, to which, the Defendant funded postpetition. … it was at [the time of funding] that the old obligation was extinguished by the disbursement of funds." Buwana v. U.S. Dep't of Educ. (In re Buwana), 338 B.R. 441, 446 (Bankr. D. Col. 2004). The Plaintiff's Consolidation Loan was a new loan, that paid off and extinguished Plaintiff's pre-existing DOE Loans.
>
> \*\*\*
>
> Here, the Consolidation Loan was disbursed after the Plaintiff filed her voluntary petition, and therefore, the Consolidation Loan is a post-petition debt, not subject to the automatic stay. All alleged violations asserted in the Plaintiff's Complaint relate to the Consolidation Loan. "A debtor alleging a violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation of the automatic stay has occurred …" In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009). Navient's acts, as servicer of the Consolidation Loan, to communicate with the Plaintiff about her Consolidation Loan, and to collect that debt on behalf of the DOE, are not in violation of the automatic stay.

B. The Debtor

The Debtor argues that there are material facts in dispute. She maintains that "[b]y and through the filing of her Chapter 13 bankruptcy petition on February 26, 2015, the Plaintiff informed Navient and the Dept. of Education, that her correct current address was 145 Adams Street, Apt#2, Waltham, MA 02453." She also contends that Navient did not send correspondence to her current correct address "despite the fact that Navient was fully aware and knowledgeable of that address." She further contends that she canceled

12

or rescinded the consolidation loan application when Navient was notified of her Chapter 13 case and that the filing of proofs of claim by Navient constitutes an acknowledgment of the rescission.

The Debtor also argues that the loan consolidation failed as a contract of novation and was unilaterally effectuated by Navient without her consent because she "notified Navient on February 26, 2015 that she no longer desired to enter into a novation contract/Consolidation Loan." She contends that her "communication to Navient was in strict accord with the Consolidation Loan Application and Promissory Note which required her to notify Navient if she wished to cancel the consolidation of her loans. She states the following:

> In the instant case Leal applied for the consolidation loan on July 15, 2014, she filed for Chapter 13 on February 26, 2015, and Navient didn't disburse the consolidation loan until October 14, 2015 (a full 1 year and 3 months after Leal applied for the consolidation loan, and nearly 8 months after she filed for Chapter 13). Having received absolutely no response during the 7.5 months from the July 15, 2014 date on which she submitted the consolidation loan application, Leal filed for Chapter 13 bankruptcy protection on February 26, 2015; with the primary purpose of dealing with her unconsolidated student loans therein. Thus, Leal's case is substantially different from the Buwana case, in that Leal (during the intervening 1 year and 3 month time period) provided ample notice to Navient that she was [sic] no longer intended to enter into the consolidation loan (novation) contract, and, borrowing a phrase from the Buwana Court, Leal effectively "put the brakes" on the funding of the consolidation loan. It came as complete surprise [a] to Leal when she learned, subsequent to October 14, 2015, that the consolidation loan had just been disbursed.

The Debtor recognizes that Navient was not precluded from canceling the Application by virtue of 11 U.S.C. § 525(c)(1) because that section only prohibits a governmental unit that operates a student loan program from denying a student loan to

13

a person that is or has been a debtor or is a debtor before the debtor is granted or denied a discharge. The Debtor asserts that the Application sets forth the manner in which a loan consolidation can be canceled, namely notification of a decision to cancel. Thus, in her view, although Navient may not deny a consolidation loan request on the basis of a bankruptcy filing, it is not prohibited from acting on a debtor's request to cancel the Federal Direct Consolidation Loan Application.

The Debtor also emphasizes that Navient failed to follow its own procedures when it sent the September 16, 2015 notice to her old address - - an argument based on her view that she informed Navient of her current address when she filed her bankruptcy petition. Finally, the Debtor contends that Navient failed to support its contention that it acts as agent of the DOE and that it is afforded the same protection as the DOE under § 362(b)(16). She adds:

> [O]nce [d]iscovery has been completed, she will be able to establish that Navient violated its principal/agent relationship with the DOE due to Navient's unnecessary delay of 1 year and 3 months in the processing/servicing of the consolidation loan application. Moreover, Leal contends that such an unnecessary delay is the exact type of action, which falls squarely within the door that the Hughes Court left open. That is to the door to the possibility that, although §362(b)(16) "applies to exempt the actions of the USDOE from the general stay otherwise imposed by §361(a), . . . the DOE's action may have somehow exceeded the bounds of subsection (b)(16)." Hughes v. American Educ. Services, Civ. Action No. 1:13cv108, Bankr. No. 11-01933, Adv. No. 11-0116, 2013 WL 4806228, at *3 para. 4 (N.D.W.V. 2013).
>
> In Hughes, the plaintiff apparently offered no explanation as to why the Defendant's actions may have somehow exceeded the bounds of subsection (b)(16), whereas in the instant case, Leal is offering a persuasive explanation of how and why Navient's actions exceeded the bounds of subsection (b)(16). Leal's explanation consists of 2 salient points. First, that Navient received adequate notice of Leal's cancellation of the consolidation loan

request on or about February 26, 2015, and that Navient then acknowledged Leal's cancellation when Navient filed 10 separate POCs pertaining to Leal's unconsolidated student loans between March 9, 2015 and May 1, 2015, in Leal's chapter 13 case. Second, that Navient's 1 year and 3 month delay in disbursing the Consolidation loan was an unreasonable and unnecessary delay. Thus, for those 2 reasons, Leal contends that Navient has exceeded the bounds of subsection (b)(16) and is not afforded the exemption from the general stay imposed by §361(a).

**IV. DISCUSSION**

A. Summary Judgment Standard

The United States Court of Appeals for the First Circuit articulated the well-established standard for summary judgment in Desmond v. Varrasso (In re Varrasso), 37 F.3d 760 (1st Cir. 1994). It stated:

> It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. *See* Fed. R .Civ. P. 56(c). As to issues on which the movant, at trial, would be obliged to carry the burden of proof, he initially must proffer materials of evidentiary or quasi—evidentiary quality-say, affidavits or depositions—that support his position. When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant. This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record. . . .

Id. at 763. (citations omitted, footnote omitted).

B. Analysis

The Court finds that genuine issues of material fact exist that preclude the entry of summary judgment. In the first place, the Court concludes that the filing of the bankruptcy petition did not constitute notice of a change of address for purposes of compliance with the provision of the Application and Promissory Note. There was no evidence of how long the Debtor resided in Waltham before she filed her bankruptcy

petition so it is unclear whether Navient was immediately notified of the Debtor's new address in accordance with the provisions of the Promissory Note. The Application provided under "Legal Notices" that the Debtor was obligated to "immediately notify ED [the DOE] of a change of contact information or status, as specified in the Borrower's Rights and Responsibilities Statement." Moreover, the Bankruptcy Noticing Center, not the Debtor, notified Navient of the commencement of the Debtor's case and did not notify the DOE, which was not listed on the creditor matrix, of the filing of the bankruptcy petition, even though the Debtor was obligated to notify it of her change of contact information. In addition, the Debtor must have received some communication from Navient after submitting her Application to the DOE as she listed it, not the DOE, as a creditor on Schedule F, and the Debtor's mother who resided in Mansfield was listed as a codebtor on Schedule H and on the Application as a reference.[8]

Although the Court is not persuaded that the Debtor provided an adequate change of address to the DOE and Navient for purposes of canceling her loan consolidation Application pursuant to the September 16, 2015 notice, the Court is persuaded that the Debtor's Chapter 13, which was served on Navient, provided Navient with sufficient notice of the Debtor's proposed treatment of her student loan debts. The Debtor's plan specifically provided for treatment of all her student loans and did not mention nor

---

[8] The Court notes, but does not find, that it seems unlikely that the Debtor's mother would not have forwarded her mail to her and that it also is conceivable that the Debtor received the September 16, 2015 notice by email as she provided an email address on the Application and received email notices from Navient after the loans were consolidated.

16

provide for consolidation of any loans. Navient did not object to the Debtor's Chapter 13 plan which was confirmed one day after the disbursement of the consolidated loans. Neither the Debtor nor Navient discussed the binding effect of the confirmed plan which effectively canceled the Application. The confirmation order was binding on "the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan. . . ." *See* 11 U.S.C. § 1327(a). Thus, the decision made by Navient to proceed with the loan consolidation Application after receipt of the Debtor's Chapter 13 plan was made at its peril. Because of the lag between the date of the Application and Promissory Note, i.e., July 15, 2014 and the notice from Navient dated September 16, 2015 informing the Debtor that she could cancel her loan consolidation Application, the Debtor was not unjustified in concluding that the Application had been denied when she formulated her Chapter 13 plan. Indeed, she sought bankruptcy protection to address her student loan debt. Navient's failure to object to the Debtor's plan undermines its contention that the Debtor's failure to respond to the September 16, 2015 notice and its disbursement of the loan proceeds created a new loan the collection of which would not violate the automatic stay.

**V. CONCLUSION**

The record of proceedings in this adversary proceeding exemplifies parties unintentionally working at cross purposes. The Debtor sought a loan consolidation and then, because she received no timely notice from Navient as to the status of her Application, filed a bankruptcy petition and Chapter 13 plan which provided for treatment of all her student loans on an unconsolidated basis. Navient's loan

17

consolidation unit in Indianapolis, Indiana presumably was unaware of the filing of the Debtor's bankruptcy petition despite the notices sent to it by the Bankruptcy Noticing Center at addresses in Wilkes-Barre, Pennsylvania - - addresses which appear on its proofs of claim. Navient provided no explanation for why the Application process was delayed for approximately 15 months, or why it failed to object to confirmation of the Debtor's Chapter 13 plan in view of the pending Application; the Debtor provided no explanation as why she did not *immediately* notify Navient of her change of address or why she did not receive the September 16, 2015 notice issued by Navient either from her mother or by email. Under these circumstances, Navient has failed to establish the absence of genuine issues of material fact and the entry of summary judgment is unwarranted. The Court shall enter an order denying Navient's Motion for Summary Judgment.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 28, 2016